UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SPACE MAKER DESIGNS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:09-CV-2386-B |
| | § | |
| STEEL KING INDUSTRIES, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION

Before the Court is Plaintiff's Motion to Remand (doc. 8), filed on January 14, 2010.  Because

Defendant failed to remove the case within the one-year statutory period as required under 28

U.S.C. 1446(b), Plaintiff's Motion to Remand is **GRANTED**.

## I.

## BACKGROUND[1]

*A. Factual Background*

Plaintiff Space Maker Designs, Inc. ("Space Maker"), brought suit against Defendant Steel

King Industries, Inc. ("Steel King") in the 116th Judicial District Court of Dallas County, Texas on

August 1, 2008.  (Pl. Mot. to Remand ¶ 1.)  In the original petition, Space Maker asserted claims

of "less than $75,000" for breach of agreement, quantum meruit, promissory estoppel, common law

fraud, fraud in the inducement, fraudulent concealment, and attorneys' fees. *Id.* at ¶¶ 1, 2.  Steel

---

[1]The Court has drawn the facts from Plaintiff's Motion to Remand (doc. 8) Defendant's
Response to Plaintiff's Motion to Remand (doc. 15).  When possible, the Court has utilized facts
upon which the parties agree.  Otherwise, the Court has indicated which of the assertions are
claimed by the party to be true.

King removed the case to federal court after learning that the amount in controversy exceeded the $75,000 threshold for diversity jurisdiction. *Id.* at ¶¶ 11, 12. Space Maker now seeks to remand by contending that removal was untimely and urging the Court to refrain from equitably tolling the one year statutory limit for removal. *Id.* at 6. The details of Space Maker's interactions with Steel King during discovery provide a helpful starting point for this analysis.

Steel King filed an answer to the Original Petition on October 10, 2008 and requested disclosures of the amount and method of calculating economic damages. (Def. Resp. to Pl. Mot. to Remand 2.) In response to these requests, Space Maker indicated that they had insufficient information to quantify damages, but the amount would be less than $75,000. (Pl. Mot. to Remand ¶ 5.) On June 8, 2009, Space Maker served their first requests for production and interrogatories, which included an inquiry about the revenue figures needed to calculate damages. *Id.* at ¶ 6. Space Maker filed an unopposed motion for continuance of on July 15, 2009, which extended the deadline for pending discovery requests to August 10, 2009 for Space Maker and August 12, 2009 for Steel King. (Def. Resp. to Pl. Mot. to Remand 5.) On September 2, 2009, Steel King provided Space Maker with the revenue numbers that Space Maker requested in June. *Id.* Following these disclosures, Space Maker amended the petition on December 7, 2009 to increase the damages provision to "not less than $792,626." (Pl. Mot. to Remand ¶ 11.) Space Maker allegedly calculated damages by multiplying lost profit margin times a sales figure found in the September interrogatory. *Id.* at ¶ 10. Steel King removed the case to federal court once they learned that the amount in controversy exceeded the $75,000 diversity threshold. (Def. Resp. to Pl. Mot. to Remand 6.)

B. *Procedural Background*

On January 14, 2010, Space Maker filed this Motion to Remand. (Pl. Mot. to Remand ¶ 1.)

Through this motion, Space Maker asserts that Steel King's untimely removal warrants remand back to state court. *Id.* at 6. Furthermore, Space Maker urges that they did not engage in deliberate acts of forum manipulation to keep the case in federal court, and thus, the equitable exception to the one-year statutory limit is inapplicable. *Id.; see Tedford v. Warner-Lambert Co.,* 327 F.3d 423, 429 (5th Cir. 2003). Alternatively, Space Maker contends that the case made substantial progress in state court prior to removal, and Steel King failed to exercise diligence to determine their right to removal. (Pl. Mot. to Remand at 8-9.) Although Steel King concedes to have removed the case beyond the one-year statutory period, they urge the Court use its equitable arm to bar remand. (Def. Resp. to Pl. Mot. to Remand 1.)

After considering the evidence and applicable legal authority, the Court **GRANTS** Plaintiff's Motion to Remand.

## II.

## LEGAL STANDARD

The Fifth Circuit has consistently held that removal statutes should be strictly construed against removal such that any ambiguity is resolved in favor of remand. *E.g., Willy v. Coastal Corp.,* 855 F.2d 1160, 1164 (5th Cir. 1988); *Brown v. Demco, Inc.,* 792 F.2d 478, 482 (5th Cir. 1986). Therefore, the burden rests on the party seeking to preserve the district court's removal jurisdiction rather than the party seeking to remand. *E.g., Frank v. Bear Stearns & Co.,* 128 F.3d 919, 921-22 (5th Cir. 1997); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res.,* 99 F.3d 746, 751 (5th Cir. 1996). Since the timeliness issue is probative to the outcome of this action, the Court begins and ends its analysis with that issue. Under 28 U.S.C. § 1446(b) (2006),

If the case stated by the initial pleading is not removable, a notice of removal may be

filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

"[The] suit 'commences' when the initial petition is filed." *Peres v. JPMorgan Chase Bank*, No. 3:07-CV-0569-B, 2007 WL 1944376 at *1 (N.D. Tex. June 19, 2007) (citing Tex. R. Civ. P. 22). However, the Fifth Circuit suggested in *Tedford* that "Section 1446(b) is not inflexible, and the conduct of the parties may affect whether it is equitable to strictly apply the one-year limit." *Tedford*, 327 F.3d at 426. Accordingly, the Court held that "where a plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights, equity may require that the one-year limit be extended." *Id.* at 428-29.

Courts have narrowly drawn this equitable exception by requiring clear evidence rather than mere suspicion of forum manipulation. *See Brower v. Staley, Inc.*, 306 Fed. App'x 36, 38 (5th Cir. 2008); *Teford*, 327 F.3d at 428-29; *Morgan Bldgs. & Spas, Inc. v. Advantage Mfg., Inc.*, No. 3:06-CV-0149-D, 2006 WL 1140657 at *1 (N.D. Tex. May 1, 2006); *Foster v. London*, No. Civ.A. 04-2645, 2004 WL 2496216 at *2 (E.D. La. Nov. 4, 2004). For example, in *Tedford*, the Court held that the plaintiff engaged in forum manipulation when he added a non-diverse defendant three hours after the defendant indicated his intent to remove the suit to federal court. *Tedford*, 327 F.3d at 427-28. Without taking discovery from that defendant, the plaintiff signed and post-dated a notice of non-suit before the one-year anniversary of the suit but failed to notify the defendant until after expiration of the year. *Id.* Similarly, in *Brower*, the plaintiff was aware of additional medical bills that would have raised the amount of damages above the threshold for diversity jurisdiction but did not tell the defendant about these bills until after the one-year removal limit had expired. *Brower*, 306

Fed. App'x at 38. Thus, the Court concluded that the Plaintiff's actions justified an equitable exception to Section 1446(b)'s one-year limit. *Id.* By contrast, in *Morgan Bldgs. & Spas, Inc.*, the Court rejected the premise that the "mere failure to plead the amount of damages in the original and amended petition is evidence of active concealment." *Morgan Bldgs. & Spas, Inc.*, 2006 WL at *1. In *Foster*, the plaintiff initially stated that the case was worth less than $75,000 and one year later amended his pleadings to change the amount. *Foster*, 2004 WL at *2. The Court declined to apply the exception since the case lacked the "egregious, clear pattern of forum manipulation" present in *Tedford*. *Id.* Having reviewed the applicable law, the Court now turns to the present motion.

## III.

## ANALYSIS

Here, there is no indication that Space Makers engaged in the transparent forum manipulation necessary to trigger the equitable exception to the one-year statutory limit for removal. The parties' briefings indicate that Space Maker may have been uncertain as to damages until the one-year deadline passed. Nonetheless, Steel King has proffered no evidence that Space Maker *knew* that damages were above $75,000 or tried to conceal that fact. *See Foster*, 2004 WL at *2 (noting that the plaintiff increased damages stipulation above $75,000 after the suit's one-year anniversary); *Morgan Bldgs. & Spas, Inc.*, 2006 WL 1140657 at *1 (holding that the failure to plead damages is not analogous to concealment). *But see Brower*, 306 Fed. App'x at 38 (noting that the plaintiff *knew* damages would be greater than $75,000 but did not disclose this fact until after one year). Furthermore, Steel King never expressed a desire to remove the case to federal court during the state court proceeding. *Contra Teford*, 327 F.3d at 428-29 (noting that defendant "vigilantly sought to try [the] case in federal court"). Accordingly, despite the belated disclosure, Steel King has not met

their burden of proving forum manipulation. *See Peres*, 2007 WL at \*3 (noting that "merely suspicious behavior is not enough to demonstrate bad faith or forum manipulation"); *ConocoPhillips Co. v. Turner Indus. Group, L.L.C.*, No. Civ.A. G-05-516, 2006 WL 213956 at \*2 (S.D. Tex. Jan. 24, 2006) (stating that the equitable exception from *Tedford* should be construed strictly).

In light of the Court's ruling in Plaintiff's favor, the Court acknowledges but declines to address Plaintiff's arguments concerning progress made at the state court and diligence in discovery of facts giving rise to a right of removal. As such, the Court finds that Plaintiff's Motion should be and hereby is **GRANTED**.

## IV.

## CONCLUSION

For the reasons set forth in this order, Plaintiff's Motion to Remand is **GRANTED**.

**SO ORDERED.**

DATED July 6, 2010

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE